UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.:  EDCV 22-01723 VBF (RAO)                    Date:  December 5, 2022

Title:       David Roberts v. Robert Presley Detention Center et al.

Present:        The Honorable  **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

|  Donnamarie Luengo  |  N/A  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**        (In Chambers) **ORDER TO SHOW CAUSE RE: STATUTE OF
                 LIMITATIONS**

On September 19, 2022, Plaintiff David Roberts ("Plaintiff") constructively filed a civil
rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint") in the Southern District of California.
Dkt. No. 1. The case was transferred to the Central District of California on September 29, 2022.
Dkt. No. 2. On October 21, 2022, Plaintiff filed a request to proceed without prepayment of filing
fees ("IFP Request"). Dkt. No. 6. The Court has screened the Complaint pursuant to 28 U.S.C. §
1915(e)(2) and 28 U.S.C. § 1915A(a) and finds that it is facially untimely. For the reasons set
forth below, Plaintiff is ORDERED TO SHOW CAUSE why the Complaint should not be
dismissed as time-barred.

## I.      Allegations of the Complaint

Plaintiff is currently a California state prisoner. The Complaint alleges violations of
Plaintiff's civil rights while he was an inmate at Robert Presley Detention Center ("RPDC") in
2015. Compl. at 1-3. The Complaint is brought against RPDC, the County of Riverside, and
Corporal John Doe. *Id.* at 1-2. Plaintiff alleges that on some day in 2015, he was assaulted by the
corporal defendant. *Id.* at 2-3.

## II.     Legal Standard

Absent waiver, the Court may *sua sponte* dismiss a complaint as untimely. *See Levald,
Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993). Section 1983 actions are subject
to the forum state's statute of limitations for personal injury claims. *Wallace v. Kato*, 549 U.S.
384, 387, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). Accordingly, federal civil rights claims
arising in California are subject to California's statute of limitations period—two years for an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   EDCV 22-01723 VBF (RAO)                    Date:   December 5, 2022

Title:      David Roberts v. Robert Presley Detention Center et al.

"action for assault, battery, or injury to . . . an individual caused by the wrongful act or neglect of another." Cal. Civ. Proc. Code § 335.1. Federal law, however, determines when a claim accrues and when the applicable limitation period begins to run. *Wallace*, 549 U.S. at 388. Under federal law, accrual occurs when the plaintiff has a complete and present cause of action and may file a suit to obtain relief. *Id.* Generally, a cause of action accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1154 (9th Cir. 2000) (quotations and citation omitted).

In certain circumstances, the statute of limitations may be tolled. A federal court must give effect to a state's tolling provisions to the extent that they are not inconsistent with federal law. *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1051 n.5 (9th Cir. 2008) (citing *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002)). California law provides for up to two years of tolling for plaintiffs based on the disability of imprisonment. *See* Cal. Civ. Proc. Code § 352.1(a) ("If a person . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under sentence of a criminal court for a term of less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."). The Ninth Circuit has held that "actual, uninterrupted incarceration is the touchstone" for assessing tolling for the disability of imprisonment under California law. *Elliott v. City of Union City*, 25 F.3d 800, 802-03 (9th Cir. 1994).

The statute of limitations may also be subject to equitable tolling. Equitable tolling focuses on "whether there was excusable delay by the plaintiff." *Lukovsky*, 535 F.3d at 1051. "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Id.* (quoting *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002)) (internal quotation marks omitted). Plaintiffs must meet three conditions to equitably toll a limitations period: (1) the defendant must have had timely notice of a claim; (2) the defendant must not be prejudiced by having to defend the otherwise barred claim; and (3) the plaintiff's conduct must have been reasonable and in good faith. *Fink v. Shelder,* 192 F.3d 911, 916 (9th Cir. 1999).

Additionally, equitable estoppel may apply to relieve a plaintiff from the running of the statute of limitations. Equitable estoppel focuses on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as "fraudulent concealment." *Johnson*, 314 F.3d at 414 (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir.1990)). To benefit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  EDCV 22-01723 VBF (RAO)          Date:   December 5, 2022
Title:       David Roberts v. Robert Presley Detention Center et al.

from equitable estoppel, the plaintiff must point to some active conduct by the defendant "above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (quoting *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176-77 (9th Cir. 2000)).

**III.    Discussion**

Here, the Complaint alleges the use of excessive force in 2015.  Given the nature of the claim, there appears to be no reason that Plaintiff would not have been aware of the injury that forms the basis of his claim at the time of or shortly after the alleged assault in 2015.  Absent tolling, the applicable statute of limitations would have expired two years after the alleged assault, or sometime in 2017.  It is not clear whether Plaintiff was continuously incarcerated since the incident.  Even assuming he was, the statute of limitations would have expired four years after the incident, or sometime in 2019.  Even affording Plaintiff the maximum period of statutory tolling for imprisonment, the Complaint would still be untimely by over two years.  There are no allegations that would suggest that Plaintiff is entitled to equitable tolling or equitable estoppel.  As such, the Complaint appears to be untimely.

**IV.    Conclusion**

The Complaint appears to be time-barred.  Plaintiff shall show cause in writing, on or before **January 4, 2023**, why his IFP Request should not be denied and this action dismissed on the grounds that the Complaint is untimely.

**Plaintiff is expressly warned that failure to file a timely and complete response to this Order may result in dismissal of this case.**

**IT IS SO ORDERED.**

_____ : _____
Initials of Preparer        dl